CLEVELAND, C., C. & ST. L. RY. CO. ET AL. *v.* BOARD OF COMMISSIONERS, LAWRENCEBURG FLOOD CONTROL DISTRICT.

[No. 27,618. Filed February 27, 1942.]

524

*Paul V. Wycoff,* of Batesville and *Ewing E. Wright,* of Osgood (*S. W. Baxter* and *C. P. Stewart,* both of Cincinnati, Ohio, of counsel) for appellants.

*Charles A. Lowe,* of Lawrenceburg, for appellee.

FANSLER, J.—This is an appeal from an interlocutory order granting a temporary injunction. The appellants, the plaintiffs below, by their complaint alleged that they had granted to the defendant the right to enter plain-

tiffs' lands to construct, maintain, and operate a levee; that the defendant is about to grant to a certain corporation a permit to construct, maintain, and operate a conveyor system between the Ohio river and the corporation's elevator, and across part of the land upon which the defendant was granted a right to maintain a levee; that such a grant by the defendant will add an additional burden upon the plaintiffs' real estate.

The petition for a temporary injunction was heard upon the verified complaint without other pleadings. Certain evidence was introduced. From this evidence it appears that the City of Lawrenceburg had granted an easement to the elevator corporation for the purpose of erecting and maintaining a conveyor system; that the conveyor would have to go over the levee. The president of the elevator company testified that he did not know whether it would be necessary to get the consent of the defendant to cross the levee, and that the company had not yet arrived at the point of asking the defendant's consent. This witness testified that the conveyor system would not necessarily go across the property in question except upon certain streets and alleys which intersect the property, and that it would have to go over or under the railroad tracks of the plaintiffs. A deed from the City of Lawrenceburg to the plaintiff, Cleveland, Cincinnati, Chicago and St. Louis Railway Company, conveying the land in question "for the purpose of a Right-of-way for one or more Railway tracks," was introduced in evidence. Also in evidence was a resolution of the Common Council of the City of Lawrenceburg granting the defendant an easement for the construction of a levee.

There was an order enjoining *pendente lite* the granting of a permit, license, or right by the defendant to the elevator corporation to construct the conveyor sys-

tem in such a way as to affect in any manner the maintenance and operation of plaintiffs' railroad facilities. In other words, the defendant may grant a permit or license to construct the conveyor system in such manner as not to interfere with the operation of plaintiffs' railroad. Appellants complain that the injunction is not broad enough.

The appellee had an easement to construct and maintain a levee. It had the right to forbid and enjoin the construction of a conveyor system which would in any way interfere with the levee. There might be a difference of opinion as to whether a conveyor constructed in a given manner interfered with the levee and its maintenance, and this fact would seem to indicate the wisdom of procuring the consent and permission of the appellee before proceeding with the construction of a conveyor across the levee. The complaint merely alleges that the defendant is about to grant a permit to construct, maintain, and operate a conveyor system, and that the defendant is claiming the right to grant permission to construct such a system. Neither by the complaint nor by the evidence is the character of the permit which the appellee will grant made to appear. It does not appear that the appellee is claiming to be the owner of the fee simple title to the real estate, or claiming anything more than an easement for levee purposes, or that it is threatening to, or claiming the right to, grant any permit or license other than such as it has the clear right to grant as the holder of an easement for levee purposes. The right to grant such a permit or license should not be enjoined.

The plaintiffs were not entitled to a temporary injunction, but since no cross-errors are assigned, the judgment is affirmed.

NOTE.—Reported in 39 N. E. (2d) 727.